IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GORDON SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 14-1066-LPS |
| | : | |
| DAVID ANGELO, et al., | : | |
| | : | |
| Defendants. | : | |

Gordon Smith, Port Orange, Florida, Pro Se Plaintiff.

Michael F. McTaggart, former Deputy Attorney General for the State of Delaware, U.S. Attorney's Office, Wilmington, Delaware.

**MEMORANDUM OPINION**

September 30, 2020
Wilmington, Delaware

STARK, U.S. District Judge

## I. INTRODUCTION

Plaintiff commenced this civil rights action as a *pro se* litigant, was represented by counsel, and once again proceeds *pro se*. When Plaintiff filed the action, the case was assigned to United States District Court Judge Gregory M. Sleet, who retired from the bench on September 28, 2019. On May 25, 2017, the Court granted Defendants' motion for summary judgment and denied Plaintiff's motion for leave to file a second amended complaint. (D.I. 70, 71) Plaintiff filed a notice of appeal. (D.I. 73) On February 16, 2018, the United States Court of Appeals for the Third Circuit affirmed the decision. (D.I. 75) On December 20, 2019, Plaintiff filed a letter/motion to vacate the judgment pursuant to 28 U.S.C. § 455 and Fed. R. Civ. P. 60(b)(6). (D.I. 76) The case was reassigned to the undersigned Judge on December 26, 2019.

## II. LEGAL STANDARDS

Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reserved or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A motion filed under Rule 60(b) must be made within a reasonable time and, for motions under Rule 60(b)(1), (2), and (3),

2

must be filed no more than one year after entry of the judgment or order or the date of the proceeding. *See* Fed. R. Civ. P. 60(c)(1).

### III. DISCUSSION

Plaintiff moves the Court to withdraw its previous orders or judgments "due to an undisclosed and disqualifying conflict of interest of the former Chief Judge Gregory M. Sleet" pursuant to 28 U.S.C. § 455 and Fed. R. Civ. P. 60(b)(6). (D.I. 76 at 1) Plaintiff asserts the conflict resulted from Judge Sleet sitting on the Delaware Criminal Justice Council. (*Id.*) The Delaware Criminal Justice Council is an independent body committed to leading the criminal justice system through a collaborative approach that calls upon the experience and creativity of the Council, all components of the criminal justice system, and the community. *See* https://cjc.delaware.gov/ (last visited September 30, 2020). Plaintiff states that Judge Sleet sat on the Council with individuals who either were defendants in this action or who were closely connected with state agencies that employed Defendants. (*Id.*) Plaintiff states that, because Judge Sleet issued rulings adverse to Plaintiff and in favor of Defendants, "this was a clear violation of conflict of interest and at a minimum Judge Sleet, in the act of justice and to avoid the appearance of impropriety should have recused himself from [Plaintiff's] case." (*Id.* at 2)

Rule 60(b)(6) "is a catch-all provision that allows relief for any reason justifying relief from the operation of the judgment." *United States v. Witco Corp.*, 76 F. Supp. 2d 519, 527 (D. Del. 1999). It is within the sound discretion of the trial court to grant or deny relief under this section. *See Lasky v. Continental Products Corp.*, 804 F.2d 250, 256 (3d Cir. 1986).

The Third Circuit "has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (internal citations and

3

quotation marks omitted); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."). Rule 60(b)(6) generally requires the movant to make "a more compelling showing of inequity or hardship" than would normally be required to reopen a case under any one of the first five subsections of Rule 60(b). *Project Mgmt. Inst., Inc. v. Ireland*, 144 F. App'x 935 n.1 (3d Cir. 2005).

In his motion, Plaintiff alleges that Judge Sleet should have recused himself pursuant to 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A party seeking recusal need not demonstrate that the judge is actually biased, but rather that he would appear to be biased to "a reasonable person, with knowledge of all the facts." *United States v. Wecht*, 484 F.3d 194, 213 (3d Cir. 2007) (internal quotation marks omitted). A recusal motion must be based on "objective facts," not mere "possibilities" and "unsubstantiated allegations." *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989).

The facts of this case are similar to one decided by the United States Supreme Court in *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 850-51 (1988), where the Supreme Court considered the issue of whether relief under Rule 60(6) was appropriate where a party learned of a judge's potential conflict of interest almost a year after the Court of Appeals affirmed the District Court's judgment. The Supreme Court held relief under Rule 60(b)(6) was "neither categorically available nor categorically unavailable" for violations of subsection 455(a), and identified three factors for the Court to consider in determining whether 60(b)(6) relief is available: "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Id.* at 864.

Of note is "that [the] harmless error analysis can apply to violations of § 455(a)." *U.S. ex rel. Pritsker v. Sodexho, Inc.*, 493 F. App'x 309, 311-12 (3d Cir. 2012) (quoting *Shell Oil Co. v. United States*, 672 F.3d 1283, 1292 (Fed. Cir. 2012)).

Plaintiff has not shown that Rule 60(b)(6) relief is appropriate. Plaintiff provides no dates for the time Judge Sleet served on the Delaware Criminal Justice Counsel. In addition, judges serve on numerous committees and councils and "a reasonable person, with knowledge of all the facts" would not question a judge's impartiality based upon that service. Moreover, Plaintiff's assertions of impartiality are speculative and not based upon objective facts.

In addition, any purported violation of § 455(a) was harmless because the United States Court of Appeals for the Third Circuit affirmed on appeal Judge Sleet's legal determination to grant Defendants' motion for summary judgment on the merits. *See U.S. ex rel. Pritsker v. Sodexho, Inc.*, 493 F. App'x at 312; *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 171 (3d Cir. 2004) (recognizing that harmless error applies to violations of § 455(a)); *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1526 (11th Cir. 1988) ("[It] would . . . be ridiculous to remand this case and reassign it to another judge after we have already exercised plenary review and have concluded that summary judgment was proper.").

Finally, Plaintiff's position for relief rests upon the fact that Judge Sleet issued rulings adverse to Plaintiff. However, adverse legal rulings are not proof of prejudice and generally do not provide a basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Even assuming, arguendo, that Judge Sleet should have recused himself, nothing in the record suggests that harm resulted under the risk factors as set forth in *Liljeberg*.

Plaintiff has not shown that he is entitled to relief under Rule 60(b)(6). Therefore, his motion will be denied. (D.I. 76)

## IV. CONCLUSION

For the above reasons, the Court will deny Plaintiff's motion to vacate the judgment of the Court. (D.I. 76)

An appropriate Order will be entered.